NOT DESIGNATED FOR PUBLICATION

No. 122,777

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN N. BLICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed June 18, 2021. Affirmed.

*Kenneth B. Miller*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: Justin Blick received a jail sanction for violating a condition of his bond while criminal charges against him were pending. He has now been convicted of and sentenced for one of those criminal charges. On appeal, Blick challenges the district court's authority to sentence him for that offense, arguing that his previous jail sanction arose (albeit indirectly) from the charges against him and that the Double Jeopardy Clauses of the United States and Kansas Constitutions prohibit imposing duplicative punishments for the same conduct. But Blick's sanction resulted from the violation of his bond, not the conduct giving rising to his conviction. We therefore affirm.

1

In March 2018, the State charged Blick with indecent liberties with a child and aggravated indecent liberties with a child. At his first appearance, the district court set a bond amount and bond conditions. One of these conditions prohibited him from having contact with any of the State's witnesses, including Blick's wife. Because Blick was in the process of getting divorced, the court modified the conditions of his bond to allow him to have contact with his wife to the extent necessary for the divorce proceedings.

Several months later, the State moved to revoke Blick's bond after he sent emails and social media requests to his wife. The court found that Blick had violated his bond conditions and ordered him to serve a 10-day jail sanction.

After he served this sanction, Blick filed a motion to dismiss the pending criminal case on double-jeopardy grounds. He asserted that the jail sanction for his bond violation was a consequence of his indecent-liberties charges, as he would not have been on bond if those charges had not been filed. He argued that this fact made the jail sanction the legal equivalent of a sentence and thus prevented the court from imposing a sentence for the pending charges. The district court denied the motion.

Blick eventually entered into a plea agreement, where the State dismissed the aggravated indecent-liberties charge and the parties submitted the case to a bench trial on stipulated facts. At the close of the trial, the district court found Blick guilty of indecent liberties with a child and imposed a 34-month prison sentence.

In his appeal, Blick challenges this prison sentence in two related respects, neither of which has merit. He asserts that the 10-day jail sanction he received for violating the conditions of his bond was actually a punishment (or sentence) associated with the underlying crime. Thus, he argues, the prison sentence later imposed by the district court was a duplicative punishment prohibited by the Double Jeopardy Clauses of the United States and Kansas Constitutions. He also argues that because, in his view, the district

court already "sentenced" him by way of the 10-day sanction, it lacked jurisdiction to impose any sentence for his subsequent conviction.

There are many reasons why these arguments do not prevail. But on the most fundamental level, both contentions turn on the erroneous assertion that the 10-day jail sanction resulted from the conduct giving rise to his conviction. It did not.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits punishing any person twice "for the same offense." U.S. Const. amend. V; *State v. Schoonover*, 281 Kan. 453, 463, 133 P.3d 48 (2006). Section 10 of the Kansas Constitution Bill of Rights provides an equivalent prohibition. *State v. Kornelson*, 311 Kan. 711, 715, 466 P.3d 892 (2020). Both constitutional provisions provide protection from "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Schoonover*, 281 Kan. at 463. In other words, the Double Jeopardy Clauses are only implicated when people are subjected to multiple prosecutions or punishments *for the same offense*.

Blick's jail sanction arose from his efforts to contact his wife outside his divorce case. Those contacts were not illegal in and of themselves, but they violated the terms of his bond. They occurred after and were separate from the acts that gave rise to his conviction of indecent liberties with a child—acts that involved a person other than his wife. In short, Blick's 10-day jail sanction was just that—a sanction, not a sentence. Because the conduct leading to the jail sanction was separate from the actions supporting the indecent-liberties charges, Blick's jail sanction does not implicate double jeopardy. And because he had not been previously punished for the actions giving rise to his conviction, the district court had jurisdiction to impose Blick's sentence for that offense.

Affirmed.

3